IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark E. Hurst,  :

    Plaintiff,  :  Case No. 2:14-cv-2594

  v.  :

State of Ohio General  :  JUDGE EDMUND A. SARGUS
Assembly, et al.,    Magistrate Judge Kemp

    Defendants.  :

<u>REPORT AND RECOMMENDATION</u>

    On December 11, 2014, Plaintiff Mark E. Hurst filed a motion for leave to proceed *in forma pauperis* and a proposed civil complaint seeking relief against defendants the State of Ohio General Assembly, the Court of Common Pleas for Licking County, Ohio, Licking County Prosecuting Attorney Kenneth Oswalt, and Ohio Attorney General Mike DeWine.  After reviewing the financial information submitted in the motion for leave to proceed *in forma pauperis*, the Court determines that Mr. Hurst qualifies financially for a waiver of the filing fee, and the motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.  Because Mr. Hurst is not paying a filing fee, however, his complaint is subject to an initial screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915(a).  For the following reasons, based on the Court's review of the complaint, it will be recommended that the case be **DISMISSED**.

I.  <u>Factual Background</u>

    Mr. Hurst's complaint arises from his conviction in the Court of Common Pleas for Licking County, Ohio for pandering obscenity involving a minor in violation of O.R.C. §2907.321(A)(5) (Count I); pandering sexually-oriented matter involving a minor in violation of O.R.C. §2907.322(A)(5) (Count

II); and illegal use of a minor in nudity-oriented material or performance, in violation of O.R.C. §2907.323(A)(3)(Count III). Mr. Hurst was sentenced to fifteen months of incarceration on Count I, an additional fifteen months on Count II, and nine months on Count III to be served consecutively, for a total sentence of thirty-nine months of incarceration.  In the judgment entry issued on August 6, 2008, the Court also classified Mr. Hurst as a "Tier 1 Sexual Offender" and determined that he was "subject to registration and verification requirements" as provided in the 2008 amendments to Ohio's Sex Offender Registration and Notification Law ("SORN Law"), then referred to as the Adam Walsh Act ("AWA") or S.B. 10.  (Doc. 1, Ex. 1 at 2). Mr. Hurst served all thirty-nine months of incarceration and was released in November 2011 under the supervision of the Adult Parole Authority.

    While Mr. Hurst was incarcerated, the Ohio Supreme Court decided State v. Bodyke, 126 Ohio St.3d 266 (2010) and State v. Williams, 129 Ohio St.3d 344 (2011), which held that it is unconstitutional to apply the AWA's provisions to offenders like Mr. Hurst, whose offenses occurred prior to the AWA's effective date.  The State of Ohio filed a motion to vacate Mr. Hurst's designation as a Tier 1 sexual offender in the Licking County Court of Common Pleas, explaining that Mr. Hurst had filed two motions with the Ohio Court of Appeals seeking to have his Tier 1 designation removed.[1]  The State of Ohio stated that, although Mr. Hurst should have raised this issue in the trial court and not in the appellate court, Mr. Hurst was "at least correct in that he is entitled to a remedy ... and indeed a remedy that the

---

[1] Mr. Hurst states that the Court of Appeals dismissed his appeals because he "was useing [sic] the wrong case number to file the appeal, and was in the wrong court."  (Doc. 1 at 4).

2

State itself also has an interest seeing accomplished." Id., Ex. 2 at 2.  Stated differently, the State of Ohio agreed that, in the wake of the Bodyke and Williams decisions, Mr. Hurst's designation as a Tier 1 sexual offender was impermissible.  The State of Ohio added that it "want[ed] to make sure that Hurst is properly classified so that he can be properly made to register, so that in the event he fails to do so he can be properly prosecuted." Id. at 3.

Based upon the foregoing, the State of Ohio requested that Mr. Hurst's designation as a Tier 1 sexual offender be vacated, and that he be reclassified as a "Sexually Oriented Offender" under the SORN Law in effect prior to the AWA or S.B. 10. Id. at 1.  More specifically, the State of Ohio requested the issuance of an entry which provided, in relevant part, that:

> "... the previously ordered classification of the defendant as a 'Tier 1' offender is hereby vacated upon the authority of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.  Pursuant to *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, paragraph two of the syllabus, by operation of law the defendant is designated as a 'sexually oriented offender' as defined by Ohio law in effect prior to January 1, 2008."

Id. at 3.  The SORN Law in effect prior to the AWA or S.B. 10 was commonly referred to as Megan's Law or S.B. 5.  The State of Ohio requested that the Court take this action without an evidentiary hearing.

Despite Mr. Hurst's claims that the new designation sought by the State of Ohio was unconstitutional and could not be imposed without a re-sentencing hearing, the Court of Common Pleas found the State of Ohio's motion to be well taken.  Consequently, the Court of Common Pleas granted the State of Ohio's motion and issued a judgment entry on February 29, 2012 stating:

3

> the previously ordered classification of the Defendant as a Tier I Offender is hereby vacated upon the authority of *State v. Williams*, 129 Ohio St.3d 344. Pursuant to *State v. Hayde*n, 96 Ohio St.3d 211 by operation of the law that the Defendant is designated as a Sexually Oriented Offender as defined by Ohio law in effect prior to January 1, 2008.

Id., Ex. 4 at 1. Mr. Hurst appealed that decision to the Ohio Court of Appeals.

On appeal, Mr. Hurst raised the following assignments of error:

> I. THE TRIAL COURT ERRED WHEN IT GRANTED THE STATE'S MOTION TO RECLASSIFY APPELLANT AS A 'SEXUALLY ORIENTED OFFENDER,' IN ACCORDANCE WITH MEGAN'S LAW, BECAUSE HE DID NOT COMMIT A 'SEXUALLY ORIENTED OFFENSE'.
>
> II. THE TRIAL COURT ERRED WHEN IT CLASSIFIED APPELLANT AS A TIER I SEX OFFENDER, IN ACCORDANCE WITH THE ADAM WALSH ACT, AND THE RESULTING SENTENCE IS VOID.

Id., Ex. 5 at 3. The State of Ohio did not dispute that the February 29, 2012 judgment entry was in error. To that end, the Court of Appeals summarized the State of Ohio's position as follows:

> The State concedes error in Appellant's reclassification as a sexually oriented offender. However, the State disagrees this Court must remand for resentencing. Rather, the State asserts the only error in Appellant's sentencing is its current provision designating him a "sexually oriented offender." Accordingly, the State maintains that the trial court's authority is limited to correcting the erroneous designation by removing the language classifying Appellant a "sexually oriented offender."

Id. at 4. After a review of relevant case law, the Court of Appeals found that the portion of Mr. Hurst's "sentence classifying him a sexually oriented offender is void." Id. at 6. Accordingly, the Court of Appeals affirmed Mr. Hurst's conviction

4

in all other respects, with the exception of his "classification as a sexually oriented offender," which it vacated.  Id.

Mr. Hurst filed the instant case in this Court seeking relief under 42 U.S.C. §1983 against the State of Ohio General Assembly and/or Legislators, the Court of Common Pleas for Licking County, Ohio, the Licking County Prosecuting Attorney Kenneth Oswalt, and the Ohio Attorney General Mike DeWine, alleging that he is entitled to relief because he was sentenced unconstitutionally two times (the first under the AWA or S.B. 10 and the second under Megan's Law or S.B. 5).  In addition, Mr. Hurst complains that his:

> name, address, license number and picture were erroneously added to the Government controled [sic] "Sex Offender" web-site.  In fact, as of this filing, (12-10-14) almost 2 years after [his] sentence was voided by the Appeal Court, [his] picture and information are still on that web-site, and he has not been releaced [sic] from control of the "Sex Offender" department of the Adult Parole Authority.

Id. at 7.  Based on the foregoing, Mr. Hurst seeks $6,500,000.00 in damages.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress under 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent.  Denton v. Hernandez, 504 U.S. 25, 31 (1992).  The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof."  28 U.S.C. §1915(a)(1).  However, 28 U.S.C. §1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A suit is frivolous if it lacks any arguable

5

foundation in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). With these standards in mind, the Court conducts an initial screening of Mr. Hurst's complaint.

### III. Discussion

As noted above, Mr. Hurst brought the instant action against the State of Ohio General Assembly and/or Legislators, the Court of Common Pleas for Licking County, Ohio, the Licking County Prosecuting Attorney Kenneth Oswalt, and the Ohio Attorney General Mike DeWine. The Court considers Mr. Hurst's claim against each defendant in turn.

Mr. Hurst's claim against the Ohio General Assembly and state legislators is a claim against the State of Ohio. See, e.g., Ganaway v. Ohio, 2012 WL 5378730, at *2 (N.D. Ohio Oct. 31, 2012). However, the State of Ohio may only be sued in federal court if it has "consented to such a suit or its immunity has been properly abrogated by Congress." Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005), citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed.2d 252 (1996). Absent such circumstances, the Eleventh Amendment provides jurisdictional immunity to the State of Ohio, which is an "absolute bar to the imposition of liability upon States and State agencies." Ganaway v. Ohio, 2012 WL 5378730, at *2, citing Latham, 395 F.3d at 270. In this case, the State of Ohio has not consented to this lawsuit, and Congress

has not abrogated the State of Ohio's immunity. Consequently, the Ohio General Assembly and state legislators have jurisdictional immunity from the instant lawsuit under the Eleventh Amendment.

Similarly, the Court of Common Pleas for Licking County, Ohio is not a "person" subject to suit under 42 U.S.C. §1983, Mumford v. Basinski, 105 F.3d 264, 268 (6th Cir. 1997), and it enjoys Eleventh Amendment immunity from suit under 42 U.S.C. §1983 in federal court. Foster v. Walsh, 864 F.2d 416 (6th Cir. 1988)(per curiam). Further, to the extent that Mr. Hurst's complaint could be construed liberally as attempting to bring a claim against the Judges responsible for first designating Mr. Hurst as a Tier 1 sexual offender and later designating him as a sexually oriented offender, those claims would likewise be barred. As a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts. "It is well-established that judges of courts of general jurisdiction are immune from liability for their judicial acts .... Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute." Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541, 542 (6th Cir. 1987), vacated, 484 U.S. 1022, 108 S. Ct. 744, 98 L. Ed.2d 757 (1988), aff'd on reconsideration, 859 F.2d 428 (6th Cir. 1988), citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L. Ed. 646 (1871); Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed.2d 331 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied 474 U.S. 971, 106 S. Ct. 351, 88 L. Ed.2d 320 (1985). Thus, Mr. Hurst is unable to bring an action against the Court of Common Pleas for Licking County, Ohio or the Judges who presided over his case in that Court.

Mr. Hurst's claim against the Licking County Prosecuting Attorney Kenneth Oswalt is also barred. Just as judges have

immunity from suit under 42 U.S.C. §1983 for any actions taken in a judicial capacity, prosecutors have immunity for acts taken in their capacity as prosecutors.  See Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed.2d 331 (1978); Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976).  Any attempt by a prosecutor to apply a statute to individual proceedings is a prosecutorial act.  On this basis, Prosecuting Attorney Oswalt is immune from suit.

Finally, Mr. Hurst does not allege that Ohio Attorney General Mike DeWine had any involvement in the facts giving rise to the complaint.  Indeed, aside from naming him as a defendant, Mr. Hurst does not mention Attorney General DeWine anywhere in the complaint.  Personal involvement in unconstitutional activity is required to allege liability under 42 U.S.C. §1983.  See, e.g., Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008).  Accordingly, Mr. Hurst's claim against Attorney General DeWine must be dismissed for failure to state a claim upon which relief can be granted.

## IV. Recommended Disposition

Based upon the foregoing, it is recommended that Mr. Hurst's case be dismissed in its entirety.  Should this recommendation be adopted, the Court should mail a copy of the complaint, this Report and Recommendation, and the Court's order of dismissal to the defendants.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              /s/ Terence P Kemp
                                              United States Magistrate Judge